UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jama A.O., | Civil No. 26-420 (DWF/ECW) |
| Petitioner, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; Marcos Charles, *Acting Executive Associate Director for Enforcement and Removal Operations*; David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*; Ted H. Kim, *Associate Director of USCIS Refugee, Asylum and International Operations Directorate*; Luis Borjas, *Field Office Director, U.S. Citizenship and Immigration Services St. Paul–Minneapolis Field Office*; and U.S. Department of Homeland Security, | |
| Respondents. | |

INTRODUCTION

This matter is before the Court on Petitioner Jama A.O.'s motion for a temporary restraining order ("TRO"). (Doc. No. 3.) For the reasons set forth below, the Court grants in part the motion.

BACKGROUND

Jama is a citizen of Somalia who entered the United States lawfully as a refugee on October 25, 2010. (Doc. No. 1 ¶ 2.) Jama has a pending application to adjust his

status to that of a lawful permanent resident.  (*Id.*¶ 3.)  That application was filed on February 2, 2021.  (*Id.*)  On March 24, 2025, Jama filed an I-602 waiver for some minor criminal history.  (*Id.* ¶ 4.)

On January 18, 2026, immigration agents employed by the U.S. Immigration and Customs Enforcement ("ICE") agency arrested Jama.  (*Id.* ¶ 5.)  Before his arrest, Jama received a phone call indicating that he had a package at the door, and when he answered the door, he was slammed to the ground by ICE officers who asserted that he was removable.  (*Id.* ¶ 6.)  During his arrest, ICE officers did not produce a warrant of arrest.  (*Id.* ¶ 7.)  Jama alleges that Respondents have not charged Jama as deportable, have not issued a Notice to Appear under 8 U.S.C. § 1229a, have not issued a Notice of Intent to Terminate his refugee status, and have not otherwise taken any action consistent with detaining Petitioner.  (*Id.* ¶ 10.)

## DISCUSSION

A motion for a temporary restraining order is analyzed under the same framework as a motion for preliminary injunction.  *Tumey v. Mycroft AI, Inc.*, 27 F.4th 657, 665 (8th Cir. 2022).  The Court considers four factors in determining whether to grant a preliminary injunction:  (1) the threat of irreparable harm to the moving party; (2) the balance between this harm and the injury that granting the injunction would inflict on the nonmoving party; (3) the moving party's likelihood of success on the merits; and (4) the public interest.  *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc).  The central question is whether justice requires preserving the status quo until

the merits are determined. *Id.* The moving party bears the burden to establish these factors. *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003).

First, the irreparable harm is clear. If Petitioner is removed from this District, this Court would lose jurisdiction and be unable to adjudicate his habeas petition. And even if a court were able to adjudicate the matter, Petitioner may not be able to participate. As for the request that Petitioner's counsel be given 72-hours' notice before Petitioner is interviewed, Petitioner's right to counsel may be infringed if his counsel is not present. *See* 8 U.S.C. § 1362 (discussing right to counsel in immigration removal proceedings); 8 C.F.R. § 103.2(a)(3) ("An applicant or petitioner may be represented by an attorney in the United States . . . ."). This factor weighs heavily in Petitioner's favor.

Second, there is no indication that Respondents will be harmed. Respondents may incur the costs of continued detention of Petitioner, but those costs would be incurred regardless of the location. And the cost of providing notice to Petitioner's counsel is minimal. Further, any costs would be mitigated by the expedited briefing the habeas petition requires. This harm is slight compared to the potential harm to Petitioner.

Third, the public interest favors preventing violations of constitutional rights, preserving meaningful judicial review, and fair and consistent enforcement of immigration laws. It would not be in the public's interest to have Petitioner removed and unable to adjudicate his case, or to have Petitioner face immigration proceedings without the benefit of counsel.

Finally, Petitioner has demonstrated a likelihood of success on the merits. Respondents appear to have no authority to detain or remove him given his current

refugee status. *See* 8 U.S.C. § 1159(a); *cf. Andrei C. v. Lyons*, No. 26-cv-166, 2026 WL 123083 (D. Minn. Jan. 16, 2026) (finding no lawful basis for the detention of a refugee).

The Court's decision accords with judges in this District who have enjoined Respondents from removing a habeas petitioner from Minnesota while their case was pending. *E.g.*, *Francisco T. v. Bondi*, No. 25-cv-3219, 2025 WL 2629800 (D. Minn. Aug. 13, 2025) (Bryan, J.); *Eliseo A.A. v. Olson*, No. 25-cv-2281, Doc. No. 9 (D. Minn. Aug. 29, 2025) (Blackwell, J.); *Mohamed A. v. Bondi*, No. 25-cv-4515, Doc. No. 10, (D. Minn. Dec. 5, 2025) (Davis, J.); Domingo M.M. v. Shea, No. 25-cv-2830, 2025 WL 1937592 (D. Minn. July 15, 2025) (Provinzino, J.).

## ORDER

Based on the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1. Petitioner Jama A.O.'s motion for temporary restraining order (Doc. No. [3]) is **GRANTED IN PART** as follows:

    a. Respondents, or any other person, entity, or agency of the government, or anyone acting in concert with Respondents or the government, are **ENJOINED** from removing, transferring, or otherwise facilitating the removal of Petitioner from the District of Minnesota pending further court order.

    b. If Petitioner has already been removed from Minnesota, Respondents are ordered to immediately return Petitioner to Minnesota.

      c.      Respondents are **ORDERED** to provide Petitioner's counsel with 72-hours' notice prior to interviewing or speaking with Petitioner regarding his refugee status, or any other matter related to his immigration status.

      c.      This TRO expires on January 29, 2026, at 12:00 p.m. CT, unless extended by the Court for good cause shown.

2. Petitioner Jama A.O.'s motion for temporary restraining order (Doc. No. [3]) is **DENIED IN PART** insofar as it requests immediate release from detention.

3. Respondents are ordered to file an answer to the Petition for Writ of Habeas Corpus (Doc. No. [1]) on or before January 21, 2026, at 12:00 p.m. CT, certifying the true cause and proper duration of Petitioner's confinement and showing cause as to why the writ should not be granted in this case. The response should include a reasoned memorandum of law and fact addressing each count of the Petition, as well as any supporting documentation that may be needed to establish the lawfulness of Petitioner's arrest and/or continued confinement.

4. If Petitioner intends to file a reply to Respondents' answer, he must do so by no later than January 22, 2026, at 12:00 p.m. CT.

Dated: January 18, 2026                              s/Donovan W. Frank
                                                                        DONOVAN W. FRANK
                                                                        United States District Judge